# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8418 | **DATE** | 7/19/2000 |
| **CASE TITLE** | Pamela Bobbitt vs. The Freeman Companies | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 8/21/00 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons already stated, Bobbitt's first three counts are dismissed, while her counsel is required to file a responsive memorandum as to the unresolved aspects of defendants' motion on or before August 9, 2000. As to Lozier, he is ordered to file, also on or before August 9, 2000, an answer to the SAC with respect to its sole surviving claim, that asserting his commission of a battery. Finally, this action is set for a next hearing date or 9 am. August 21, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 20 2000 | 14 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/19/2000 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA BOBBITT,         )
                        )
            Plaintiff,  )
                        )
    v.                  )   No. 99 C 8418
                        )
FREEMAN COMPANIES, et al.,)
                        )
            Defendants. )

## MEMORANDUM OPINION AND ORDER

When this Court first received the judge's copy of the Complaint filed by Pamela Bobbitt ("Bobbitt") against her ex-employer Freeman Companies ("Freeman") and a number of its individual employees, the Complaint's effort to advance an employment discrimination claim sounded an obvious alarm in terms of timeliness: Bobbitt's December 28, 1999 filing was the 90th day (the last permissible day) after her asserted September 29 receipt of EEOC's right-to-sue letter, even though Complaint ¶7 recited that the letter had been issued on some date in August 1999 (thus something between one and two months before the claimed date of receipt). This Court promptly issued its January 4, 2000 memorandum opinion and order, which in part directed Bobbitt's counsel to provide greater precision that would enable this Court to determine which Seventh Circuit decision--that in St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984) or that in Houston v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999)--would control this case.

DOCKETED JUL 20 2000

/4

After one more false start, Bobbitt's counsel then filed her Second Amended Complaint for Declaratory and Other Relief ("SAC"), and defendants have just responded with a Motion To Dismiss and a supporting Memorandum. Because defendants' presentation is persuasive as to some but not all of Bobbitt's claims, as explained hereafter, the motion is granted in part, denied in part and continued in part.

To begin with, here are Bobbitt's allegations that purport to explain and excuse her tardiness in having filed suit fully 4-1/2 months after EEOC's issuance of a right-to-sue letter (SAC ¶¶9-15):

> 9. On or about July 1, 1999 Bobbitt filed a charge with the U.S. Equal Employment Opportunity Commission in Chicago, Illinois, advising them at the time that she had relocated to Maryland.
>
> 10. The EEOC issued its right to sue letter on or about August 11, 1999.
>
> 11. Bobbitt received the right to sue letter on September 29, 1999 at her home in Maryland.
>
> 12. Bobbitt is single, not married, and has no children. No one checks her mail regularly while she travels. She is often away from home for three or more weeks each month, including weekends. Her sales position requires her to travel extensively to trade shows and conventions that she sets up and coordinates for Greyhound Exposition Services, a competitor of Freeman:
>
>> a. On September 13-14, Bobbitt was at an ASTD trade show in Minneapolis, Minnesota
>>
>> b. On September 14-15, Bobbitt was at a convention for the American Academy of Neurology in Minneapolis, Minnesota

2

   c. On September 17 Bobbitt flew to Los Angeles for her mother's birthday from Baltimore, and returned on September 19

   d. On September 23 Bobbitt traveled to Chicago from Baltimore for an APHA planning meeting, and she returned to Baltimore on September 25, 1999, a Saturday.

  13. On September 29, Bobbitt received the right to sue letter for the first time, and notified her attorney of its receipt, and she sent it to the undersigned attorney by overnight mail.

  14. The delay in receipt was through no fault of Bobbitt's and she acted promptly once she received the right to sue letter from the EEOC.

  15. Bobbitt filed this suit on December 29, 1999,[1] a date within 90 days of her first receipt of the letter.

But that sequence supports the applicability of the <u>St. Louis</u> decision,[2] rather than that in <u>Houston</u>, to this case.

It cannot be gainsaid that a total failure to check one's mail for more than a six-week period (the time between EEOC's

---

 [1] [Footnote by this Court] That date is wrong, for if that had in fact been the filing date of this action Bobbitt would have been out of time even on her own terms (it was the 91st day after her claimed September 29 date of receipt--see, e.g., such cases as <u>Jones v. Madison Servs. Corp.</u>, 744 F.2d 1309 (7th Cir. 1984)(per curiam)). Instead the actual filing date of December <u>28</u>, 1999 would have gotten Bobbitt in just under the wire if her stated September 29 date of receipt were to control.

 [2] Defendants' Mem. also cites to <u>Simmons v. Illinois Dep't of Mental Health & Developmental Disabilities</u>, 74 F.3d 1242 (7th Cir. 1996) as well as <u>St. Louis</u>, but that reference violates the Seventh Circuit rule prohibiting the citation of unpublished decisions such as <u>Simmons</u>. For present purposes <u>St. Louis</u> alone remains good law, except as partially limited by <u>Houston</u> (a limitation that is inapplicable here).

3

transmittal and Bobbitt's claimed receipt) is patently irresponsible. After all, even apart from the resulting delinquency in paying any bills that may come in during such an extended period, no even arguable justification exists for taking the risk that important notices or other mailings may demand attention. And importantly here, Bobbitt's SAC ¶12 is singularly lacking in even a word of explanation as to Bobbitt's not having checked her mail during the entire four weeks that elapsed between (say) August 16 or so (which allows several days for transit in the mails) and September 13, 1999. Hence none of the circumstances that led Houston to distinguish St. Louis (while still confirming its holding) are present here.

That then dispatches the SAC's first three counts, each of which is asserted under Title VII (SAC ¶45-55).[3] As for Bobbitt's state law counts charging respondeat superior liability on the part of Freeman (the corporate employer) based on its employees' intentional torts (federal jurisdiction as to those claims being asserted on diversity-of-citizenship grounds), cases such as this Court's opinion in Al-Dabbagh v. Greenpeace, Inc., 873 F.Supp. 1105, 1112 (N.D. Ill. 1994) appear to explain why such claims against Freeman itself are barred by the exclusivity

---

[3] That makes it unnecessary to address defendants' additional point as to the dismissal of any Title VII claims based on occurrences more than 300 days before Bobbitt filed her EEOC charge.

4

provisions of Illinois' Workers' Compensation Act, 820 ILCS 305/5 and 305/11. But because Bobbitt's lawyer has not had the opportunity to address the viability of her state law claims against Freeman, leave is granted to file a responsive memorandum on that score in this Court's chambers on or before August 9, 2000, and the motion is continued to the next status date.[4]

As for defendants' attempt to invoke preemption of all of Bobbitt's state law claims via the exclusive remedy provision of the Illinois Human Rights Act (775 ILCS 5/8-111(C)), in material part that has ignored the narrowing construction given by Maksimovic v. Tsogalis, 177 Ill. 511, 687 N.E.2d 21 (1997) to the Illinois Supreme Court's earlier decision in Geise v. Phoenix Co. of Chicago, 159 Ill.2d 507, 639 N.E.2d 1273 (1994). In brief, Maksimovic has made it clear that ordinary common law tort claims to which any sexual harassment aspects are merely incidental are not so preempted. That means that unless Bobbitt's responsive memorandum shows otherwise, the SAC's fifth count charging negligent supervision is barred by preemption (a result that appears to be controlled by Geise), as is the sixth count asserting a wrongful discharge in violation of public policy

---

[4] It should be noted that as to all of Bobbitt's putative state law claims, with the federal-question jurisdictional underpinning having been removed, this Court credits (without any factual finding, of course) Bobbitt's ad damnum assertions as to the amount in controversy as well as her allegations as to the parties' citizenship.

(after all, the public policy on which Bobbitt relies is that forbidding sexual harassment). But as to defendant Bob Lozier ("Lozier"), in all events the SAC's fourth count (sounding in battery) survives the present motion under Maksimovic.[5]

## Conclusion

For the reasons already stated, Bobbitt's first three counts are dismissed, while her counsel is required to file a responsive memorandum as to the unresolved aspects of defendants' motion on or before August 9, 2000. As to Lozier, he is ordered to file, also on or before August 9, 2000, an answer to the SAC with respect to its sole surviving claim, that asserting his commission of a battery. Finally, this action is set for a next hearing date of 9 a.m. August 21, 2000.

                         _____
                         Milton I. Shadur
                         Senior United States District Judge

Date: July 19, 2000

---

[5] During today's noticed-up presentment of defendants' motion, their counsel pointed correctly to the fact that the fourth count appears to be asserted only against Freeman and not against Lozier. But under the generous approach mandated by Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and like cases, and because Lozier *is* in court as an existing defendant, Bobbitt is not necessarily foreclosed from advancing her battery claim against him (and the Complaint may be read accordingly).

6