# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8418 | **DATE** | 8/8/2000 |
| **CASE TITLE** | Pamela Bobbitt vs. Freeman Companies, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Order.  This Court strikes Answer paragraphs 1 through 44 and Answer paragraph 57.  Lozier is granted leave to file an Amended Answer replacing those paragraphs on or before August 22, 2000.  Because the rest of the Answer poses no comparable problems, there is no need for Lozier to cause any further denuding of our nation's forests by repeating the non-stricken paragraphs.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

SN  courtroom deputy's initials

ED-7
FILED FOR DOCKETING
00 AUG -8 PH 4: 00

Date/time received in central Clerk's Office

AUG 0 9 2000
number of notices
date docketed
docketing deputy initials
8/8/2000
date mailed notice
SN
mailing deputy initials

Document Number

16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA BOBBITT,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )      No.  99 C 8418
                                   )
FREEMAN COMPANIES, et al.,         )
                                   )
                Defendants.        )

MEMORANDUM ORDER

This Court's July 19, 2000 memorandum opinion and order in part directed defendant Robert Lozier ("Lozier") to file an Answer to the Second Amended Complaint ("SAC") by Pamela Bobbitt ("Bobbitt"), in which Lozier was required to address the SAC's sole surviving claim--one asserting Lozier's commission of a battery.  That Answer is now in hand, and it is so permeated with violations of a portion of Fed. R. Civ. P. ("Rule") 8(b) as to trigger this sua sponte memorandum order that strikes that responsive pleading.

Ironically, Lozier's counsel begins the Answer by saying that it is filed "pursuant to Rule 8(b), Federal Rules of Civil Procedure...."  Even though counsel thus obviously knows that Rule 8(b) exists, she has totally ignored the crystal-clear dictates of the Rule's second sentence as to the type of disclaimer that is required of any defendant who is unable either to admit or to deny a plaintiff's allegations but who still wants to obtain the benefit of a deemed denial.  Here is counsel's

constantly reiterated locution found in Answer ¶¶1, 3, 6, 9-14, 16-18, 20-28 and 32-44:

> Defendant is without sufficient knowledge to admit the allegations contained in paragraph --, and therefore denies same and demands strict proof thereof.

Both because that format omits any disclaimer of Lozier's possession of "information" (something that is obviously more demanding than disclaiming "knowledge") and because that format also fails to link that broader disclaimer with a consequent absence of "belief" (something that just as obviously tightens the disclaimer requirements even further), what has been said throughout the Answer is totally unacceptable in Rule 8(b) terms. Unfortunately such a lack of attention to the plain Rule 8(b) roadmap is not unique to Lozier's counsel, so that in the past this Court has found itself compelled to embody the criticism voiced here in a couple of written opinions--see <u>Gilbert v. Johnston</u>, 127 F.R.D. 145, 146 (N.D. Ill. 1989) and <u>King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.</u>, 180 F.R.D. 332 (N.D. Ill. 1998). And like a number of other lawyer offenders in that respect, Lozier's counsel has also made matters worse by her inclusion of the meaningless concept of "strict proof," whatever that stranger to proper federal pleading might mean.[1]

---

[1] It remains a mystery to this Court--unanswered by a number of lawyers to whom it has posed the question--just whence that usage comes (whether from some antediluvian formbook or from

Those things aside, Answer ¶57 embodies one other type of noncompliance with federal pleading principles: a refusal to answer corresponding SAC allegations "as they are merely conclusions of law without allegations of fact." But legal conclusions are unquestionably a perfectly permissible component of federal notice pleading, as established by no lesser authority than the United States Supreme Court (see <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992)) and as confirmed as well by our Court of Appeals (see, e.g., <u>Jackson v. Marion County</u>, 66 F.3d 151, 153-54 (7th Cir. 1995)). Indeed, just a moment's thought would have made that obvious: After all, what is a more classic legal conclusion than an allegation that jurisdiction exists? Yet no defendant ever dreams (quite understandably) of declining to answer an allegation as to jurisdiction on that purported ground.

In summary, this Court strikes Answer ¶¶1 through 44 (a total purging so that Lozier's Amended Answer, required by this opinion, will be self-contained) and Answer ¶57. Lozier is granted leave to file an Amended Answer replacing those paragraphs on or before August 22, 2000. Because the rest of the Answer poses no comparable problems, there is no need for Lozier to cause any further denuding of our nation's forests by

---

some other unreliable source).

repeating the non-stricken paragraphs.[2]

Milton I. Shadur
Senior United States District Judge

Date:  August 8, 2000

---

    [2]  No charge is to be made to Lozier for the added work and
expense incurred in correcting its counsel's errors.  Lozier's
counsel are ordered to apprise their client to that effect by
letter, with a copy to be transmitted to this Court's chambers as
an informational matter (not for filing).